UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YOLANDA RUIZ DE RIVERA,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 13-07397-DFM<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Yolanda Ruiz De Rivera appeals the Commissioner's final decision denying her applications for disability insurance and supplemental security income benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") was required to call upon a vocational expert ("VE") because Plaintiff suffered from nonexertional limitations not contemplated by the Medical-Vocational Guidelines. The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.
# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her applications alleging disability beginning December 16, 2006. The ALJ determined that Plaintiff suffered from various severe impairments involving her left wrist and shoulder, but that she retained the residual functional capacity ("RFC") to perform light work with a limitation to "occasional reaching, handling, fingering, feeling, and pushing/pulling with the upper left extremity, and never reaching overhead with the upper left extremity." Administrative Record ("AR") 18-19. Relying on the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 ("the grids"), the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 22. The ALJ concluded that Plaintiff was therefore not disabled within the meaning of the Social Security Act. Id.

# II.
# ISSUE PRESENTED

The parties dispute whether the ALJ erred when he relied upon the grids to find Plaintiff not disabled despite Plaintiff's nonexertional limitations in reaching, handling, and fingering. See Joint Stipulation ("JS") at 4.

# III.
# DISCUSSION

Once a claimant has demonstrated the existence of a severe impairment that precludes her from doing past work, the burden shifts to the Commissioner to demonstrate that there are a significant number of jobs in the national economy that the claimant can perform despite her impairment. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988). The Commissioner may satisfy this burden in one of two ways: (1) by the testimony of a VE, or (2) by reference to the grids. Id.

The grids provide a system "for disposing of cases that involve substantially uniform levels of impairment." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids categorize jobs by three physical-exertional requirements: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). These exertional levels are further divided by a claimant's age, education, and work experience. Id. The grids direct a finding of "disabled" or "not disabled" depending on a claimant's particular combination of factors. Id.

There are "strict limits on when the Secretary may rely on the Guidelines." Desrosiers, 846 F.2d at 578 (Pregerson, J., concurring). An ALJ may only substitute the grids for VE testimony when they "completely and accurately represent a claimant's limitations." Tackett, 180 F.3d at 1101; see also Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001). This means that "a claimant must be able to perform the full range of jobs in a given [exertional] category" for the grids to apply. Tackett, 180 F.2d at 1101; see also Burkhart, 856 F.2d at 1340. Because "the grids are predicated on a claimant suffering from an impairment which manifests itself by limitations in meeting the strength requirements of jobs[,] they may not be fully applicable" for a claimant's non-exertional limitations. Lounsberry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006). The mere allegation of a nonexertional limitation, however, does not preclude the use of the grids. For the grids to be inadequate, the nonexertional limitation must be "sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations." Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007) (citing Burkhart, 856 F.2d at 1340)(quotation marks omitted); see also Desrosiers, 846 F.2d at 577.

When "a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988).

In the present case, the ALJ concluded that Plaintiff retained the RFC to perform a full range of light work with the limitation to "occasional reaching, handling, fingering, feeling, and pushing/pulling with the upper left extremity, and never reaching overhead with the upper left extremity." AR 18-19. Difficulty in reaching and handling are considered nonexertional limitations. 20 C.F.R. § 416.969a(c). Instead of taking VE testimony, the ALJ merely stated that "the additional limitations have little or no effect on the occupational base of unskilled light work." AR 22. However, contrary to the ALJ's assertion, reaching and handling are "required in almost all jobs" at all exertional levels, and "significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7.[1] Moreover, "[v]arying degrees of limitations [in reaching] would have different effects, and the assistance of a [vocational specialist] may be needed to determine the effects of the limitations." Id.

It therefore appears that the grids do not "completely and accurately" describe Plaintiff's nonexertional limitations on reaching and handling. Because Plaintiff's nonexertional limitations appear to limit the range of work she could perform, the ALJ was required to take the testimony of a vocational

---

[1] SSRs are "final opinions and orders and statements of policy and interpretations" that have been adopted by the Social Security Administration. 20 C.F.R. § 402.35(b)(1). Once published, these rules are binding precedent upon ALJs. Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984).

expert. See, e.g., Tackett, 180 F.3d at 1103-04 (determining that vocational expert testimony was necessary because claimant's need to shift, stand up, or walk around every thirty minutes is significant nonexertional limitation not contemplated by the grids); Burkhart, 856 F.2d at 1341 & n.4 (finding grids inapplicable because they did not account for the claimant's need to avoid stressful environments, his inability to regularly use his hands in fine manipulation, or his vision problems).

The ALJ did not specifically identify any jobs that Plaintiff was capable of performing given her nonexertional limitation. This was insufficient to meet the Commissioner's burden at step five. The ALJ should have had a VE testify as to whether there were jobs in the national economy that Plaintiff could perform despite her specific nonexertional limitations. Accordingly, the Court will remand this matter to the Social Security Administration for reconsideration of Plaintiff's disability status. To establish whether Plaintiff is disabled, the ALJ must hear testimony from a vocational expert.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

Dated: May 7, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

5